**In re Doris JAMO, Debtor.**

**Doris JAMO, Plaintiff,**

**v.**

**WETTERAU PORTLAND, INC., et al., Defendants.**

**Bankruptcy No. 87–10199. Adv. No. 187–0093.**

United States Bankruptcy Court, D. Maine.

Feb. 11, 1988.

Thomas M. Brown, Bangor, Me., for plaintiff.

Michael S. Haenn, Bangor, Me., for defendants.

MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

This matter is before the Court on Debtor's complaint to determine the extent and validity of a lien claimed by Wetterau Portland, Inc. ("Wetterau") against certain proceeds received by Debtor pursuant to a divorce judgment. A hearing was held on November 30, 1987, and both parties have

had the opportunity to submit briefs. The Court finds the following facts:

■ Debtor purchased a mobile home in 1981, during which time she was married to but separated from Owen Young. Later in 1981 the couple reconciled and debtor's mobile home was affixed to a foundation on real estate owned by Young in Dedham. Debtor and Young were divorced in 1984. The divorce judgment required Debtor to transfer her interest in the mobile home to Young in return for which Young was obligated to pay Debtor $28,000.00 plus 10% interest. Debtor filed her Chapter 11 petition on June 23, 1987. On October 1, 1987 Young paid Debtor's estate $29,880 which was placed in escrow.

On December 19, 1983 Debtor signed a security agreement in connection with money advanced for use in her supermarket business granting Wetterau an interest in "tangible personal property" and "general intangibles." Wetterau filed financing statements with the Maine Secretary of State and the Penobscot Registry of Deeds on January 3, 1984. Wetterau now claims that its interest attaches to the escrowed funds because they constitute proceeds of collateral subject to its lien.

After careful consideration of the security agreement this Court finds that the parties thereto intended that the collateral be limited to business assets. The agreement was signed by "Doris Young d/b/a Millinocket IGA Foodliner." It recites that the money advanced was for "business purposes." It refers solely to Debtor's business premises and business-related assets and makes no mention of her personal property or residence. The agreement states that "the collateral has been and will be acquired for use in Debtor's business" and that it will "be kept at Debtor's place of business." In fact there is no evidence whatsoever that a security interest in debtor's non-business property was contemplated. This Court therefore finds that Wetterau, by this agreement, acquired no security interest in Debtor's non-business property and accordingly has no lien on the funds at issue.

■ Further, even if the security agreement did include Debtor's mobile home as collateral, Wetterau failed to properly perfect its interest in that collateral. The financing statements fail to meet the requirement of Me.Rev.Stat.Ann. tit. 11, § 9–402(1) that "if the collateral is a mobile home ... the description of collateral shall include the location designated by the debtor in the security agreement as the place at which the mobile home is, or is to be, located." The financing statements also fail to meet the "fixture filing" requirements of Me.Rev.Stat.Ann. tit. 11, § 9–313(1)(b) and § 9–402(5) that a financing statement be filed in "the office where a mortgage on the real estate would be filed or recorded" and contain a description of the real estate. Accordingly, this Court finds that to the extent that the security agreement did give Wetterau an interest in Debtor's mobile home, Wetterau failed to properly perfect that interest and as a result has no lien on the funds at issue.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

The foregoing shall constitute findings of fact and conclusions of law pursuant to Rule of Bankruptcy Procedure 7052.

## ORDER

In accordance with a Memorandum of Decision dated February 11, 1988 it is;

ORDERED that the lien claimed by Wetterau Portland, Inc. pursuant to a security agreement dated December 19, 1983 against the sum of $29,800 received by the estate from Owen Young is declared void.